FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 03, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KIMBERLY CAROL
ASCHENBRENNER,

     Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

No. 2:16-CV-00397-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 13 & 26. Ms. Aschenbrenner brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits under Title II and her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 401-434, 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's

Motion for Summary Judgment and **DENIES** Ms. Aschenbrenner's Motion for Summary Judgment.

## I.    Jurisdiction

Ms. Aschenbrenner filed her application for Disability Insurance Benefits and her application for Supplemental Security Income on April 9, 2013. AR 226-35. Her alleged onset date of disability is October 25, 2012. AR 21, 226, 233. Ms. Aschenbrenner's applications were initially denied on June 6, 2013, AR 131-34, and on reconsideration on July 18, 2013, AR 135-36.

A hearing with Administrative Law Judge ("ALJ") Jesse K. Shumway occurred on March 26, 2015. AR 42-84. On April 24, 2015, the ALJ issued a decision finding Ms. Aschenbrenner ineligible for disability benefits. AR 21-31. The Appeals Council denied Ms. Aschenbrenner's request for review on September 19, 2016, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner.

Ms. Aschenbrenner timely filed the present action challenging the denial of benefits, on November 4, 2016. ECF No. 3. Accordingly, Ms. Aschenbrenner's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsbury v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe

impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f),

404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant Aschenbrenner in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Ms. Aschenbrenner was 51 years old at the alleged date of onset. AR 226, 233. She has a high school education and two years of college. AR 250, 495, 498. Ms. Aschenbrenner is able to communicate in English. AR 248. Ms. Aschenbrenner has past work as a customer service clerk and an administrative clerk. AR 30, 251, 270.

## V.    The ALJ's Findings

The ALJ determined that Ms. Aschenbrenner was not under a disability within the meaning of the Act from October 25, 2012, through the date of the ALJ's decision. AR 21, 31.

**At step one**, the ALJ found that Ms. Aschenbrenner had not engaged in substantial gainful activity since October 25, 2012 (citing 20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*). AR 23.

**At step two**, the ALJ found Ms. Aschenbrenner had the following severe impairments: peripheral neuropathy of the feet, diabetes mellitus, degenerative arthritis of the cervical and lumbar spine, restless leg syndrome, osteoarthritis of the left foot and ankle, right Achilles tendonitis, and obesity (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 23.

At **step three**, the ALJ found that Ms. Aschenbrenner did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 26.

**At step four**, the ALJ found Ms. Aschenbrenner had the residual functional capacity to perform a full range of light work, with the following limitations: she can only stand and walk for four hours in an eight-hour workday; she can only occasionally use foot controls bilaterally; she can only occasionally climb stairs or

ramps, ladders, ropes, and scaffolds; she can only occasionally crouch and crawl; she can only frequently balance, stoop, and kneel; and she can have no concentrated exposure to extreme cold, extreme heat, vibration, moving mechanical parts, and unprotected heights. AR 26.

**At step five**, the ALJ found that Ms. Aschenbrenner can perform her past relevant work as a customer service clerk and as an administrative clerk as actually and generally performed. AR 30-31.

## VI. Issues for Review

Ms. Aschenbrenner argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) failing to include neuropathy of the hands, irritable bowel syndrome, and depression as severe impairments at step two; (2) improperly discrediting Ms. Aschenbrenner's subjective complaint testimony; and (3) improperly evaluating the medical opinion evidence.

## VII. Discussion

### A. The ALJ did not err at step two of the sequential evaluation process.

Ms. Aschenbrenner contends that the ALJ erred by not finding her neuropathy of the hands, irritable bowel syndrome, and depression to be severe impairments at step two of the five-step sequential evaluation process.

At step two in the five-step sequential evaluation for Social Security cases, the ALJ must determine whether a claimant has a medically severe impairment or combination of impairments. An impairment is found to be not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988) (quoting SSR 85-28). Step two is generally "a de minimis screening device [used] to dispose of groundless claims." *Webb v. Barnhart*, 433 F. 683, 687 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996)).

Under step 2, an impairment is not severe if it does not significantly limit a claimant's ability to perform basic work activities. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (citing 20 C.F.R. § 404.1521(a)(b)). A diagnosis from an "acceptable medical source," such as a licensed physician or certified psychologist, is necessary to establish a medically determinable impairment. 20 C.F.R. § 404.1513(d). Importantly however, a diagnosis itself does not equate to a finding of severity. *Edlund*, 253 F.3d at 1159-60 (plaintiff has the burden of proving this impairment or their symptoms affect her ability to perform basic work activities); *see also Mcleod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). An alleged impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory

diagnostic techniques and must be established by medical evidence not only by a plaintiff's statements regarding his symptoms. 20 C.F.R. §§ 404.1508, 416.908.

First, Ms. Aschenbrenner argues that the ALJ should have found she had severe neuropathy of the hands based on her subjective reports. However, Ms. Aschenbrenner points to no diagnosis in the record of neuropathy of the hands, no impairments that affect her ability to work from neuropathy of the hands, or any medically acceptable clinical or laboratory techniques demonstrating any limitations. Furthermore, testifying medical expert, Dr. Panek, stated that there is no objective evidence of hand neuropathy and there are no functional limitations associated with Ms. Aschenbrenner's allegations. AR 24, 51, 55. The ALJ also noted that Ms. Aschenbrenner's allegations of hand neuropathy are inconsistent with her daily activities, which include preparing daily meals, doing laundry, doing the dishes, cleaning, and using the mouse and keyboard to play computer games and chat with others on the computer. AR 24, 290-92, 497. The ALJ's determination is supported by the record and the ALJ did not err in not finding neuropathy of the hands to be severe.

Second, Ms. Aschenbrenner contends that the ALJ should have found she had severe irritable bowel syndrome based on her subjective reports. However, the ALJ correctly noted that record demonstrates this impairment is controlled with medication management, and Ms. Aschenbrenner stated that she feels she is fairly

well controlled when taking her medication. AR 24, 535. The ALJ's decision is further supported by the medical expert testimony of Dr. Panek, who testified that Ms. Aschenbrenner's irritable bowel syndrome is non-severe. AR 50. Ms. Aschenbrenner's treating provider, Mr. Bomberger, PAC, also opined that her irritable colon would have "no significant interference with the ability to perform basic work-related activities." AR 648. Thus, the ALJ's determination is supported by substantial evidence in the record and the ALJ did not err in not finding irritable bowel syndrome to be severe.

Lastly, Ms. Aschenbrenner argues that the ALJ should have found her depression to be severe based on her subjective reports, a diagnosis of adjustment disorder with mixed anxiety and depressed mood by Dr. Quackenbush, and the possible diagnosis of depression after the relevant time frame in the report by Dr. Arnold that is not part of the record and indicates that the diagnosis lacks validity based on possible embellishment. The ALJ noted that the record is devoid of medically determinable limitations that significantly affected her ability to work associated with her allegations of depression and the medical record is consistent with a finding that depression was not severe. AR 24. The ALJ's determination is supported by substantial evidence in the record. State Agency doctors Sean Mee, Ph.D., and Michael Brown, Ph.D., opined that Plaintiff had no significant limitations from her depression. AR 101, 124-125. Examining doctor, Dr.

Quackenbush, diagnosed Ms. Aschenbrenner with adjustment disorder with mixed anxiety and depressed mood, but specifically stated she "did not appear clinically depressed." AR 497-498. Dr. Quackenbush did not include functional limitations but rather he further stated that: Ms. Aschenbrenner's immediate and delayed memory were within the average range except her contextual auditory memory was within the high-average range; she had no significant cognitive defects, except for an occasional lapse in attention/concentration; he did not observe marked problems with concentration, persistence, and pace; she was able to make simple judgments; and she was friendly and likeable. AR 498. Treatment providers also consistently noted that Ms. Aschenbrenner's affect was normal; she was not agitated, anxious, or have suicidal ideation; she did not display unusual anxiety or evidence of depression; and her memory, orientation, mood, insight, and judgment were normal. AR 546, 569, 583, 599, 609, 612, 620, 656, 660, 664, 678, 682, 690, 695, 699, 704, 709, 716, 722, 798, 802, 805.

Additionally, the assessment completed by Dr. Arnold in May 2015 that is not part of the record is irrelevant to the ALJ's determination that Ms. Aschenbrenner is not disabled from her alleged onset date of October 25, 2012, to the date of the ALJ's decision on April 24, 2015. 42 U.S.C. § 405(g) (a federal court may affirm, modify, or reverse any final decision of the Commissioner, but can only rely "upon the pleadings and transcript of the record" in taking any of

these three specified actions). A court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. *Id*. Ms. Aschenbrenner does not argue that the opinion from Dr. Arnold, after the relevant period and noting a lack of validity, is new and material or that there exists good cause for the failure to submit it to the ALJ. The Appeals Council specifically addressed this opinion and stated that it "does not provide a basis for changing the Administrative Law Judge's decision," "this new information is about a later time… it does not affect the decision about whether you were disabled beginning on or before April 24, 2015." AR 2. Therefore, Dr. Arnold's assessment does not provide a basis for remand and the ALJ did not err in not finding depression to be severe.

Furthermore, because Ms. Aschenbrenner was found to have at least one severe impairment, this case was not resolved at step two. Thus, any error in the ALJ's finding at step two is harmless, if all impairments, severe and non-severe, were considered in the determination Ms. Aschenbrenner's residual functional capacity. *See Lewis v. Astrue*, 498 F.3d 909, 910 (9th Cir. 2007) (holding that a failure to consider an impairment in step two is harmless error where the ALJ includes the limitations of that impairment in the determination of the residual

functional capacity). The ALJ specifically noted that he considered *all symptoms* in assessing the residual functional capacity. AR 26 (emphasis added). Accordingly, the Court finds the ALJ did not err in the step two analysis, and if any error did occur it was harmless.

**B. The ALJ Properly Discounted Ms. Aschenbrenner's Credibility.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When

evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Ms. Aschenbrenner alleges; however, the ALJ determined that Ms. Aschenbrenner's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 27. The ALJ provided multiple clear and convincing reasons for discrediting Ms. Aschenbrenner's subjective complaint testimony. AR 24, 27-28.

First, the ALJ noted multiple inconsistencies with the medical evidence. AR 27-28. This determination is supported by substantial evidence in the record. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan*, 242 F.3d at 1148. Ms. Aschenbrenner alleges completely debilitating pain limitations and an inability to walk. AR 27, 62, 65, 673. However, physical examinations were generally normal and unremarkable, including full strength, normal gait, normal range of motion, and the ability to ambulate. *See e.g.*,

AR 27-28, 353, 376, 387, 393, 395, 520, 523, 525, 560, 562, 564, 628, 630, 632, 634, 673.

Second, the ALJ noted several pertinent inconsistent statements. AR 28. An ALJ may rely on ordinary techniques of credibility evaluation such as a witness's prior inconsistent statements. *Tommasetti*, 533 F.3d at 1039. Specifically, the ALJ noted Ms. Aschenbrenner stated that her disabling symptoms include insomnia, but she denied that her insomnia caused functional limitations to her medical providers, that she has no sleeping complaints, her insomnia was well controlled, and she denied experiencing fatigue (AR 28, 67, 249, 381, 454, 540, 543, 549, 535, 568, 582, 588, 593, 598, 604, 608, 611, 622, 652, 655, 659, 663, 666, 667, 674, 678, 680, 700, 806).

Third, the ALJ previously noted that Ms. Aschenbrenner's allegations of disabling limitations are belied by her daily activities. AR 24-25. Including her ability to cook meals daily, do laundry, do the dishes, clean the kitchen, vacuum, use the computer to play games and chat online, shop in stores routinely, and go out with her boyfriend and her friend. AR 24-25, 71, 74, 290-92, 497. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict

claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ reasonably found that Ms. Aschenbrenner's daily activities contradict her allegations of total disability. The record supports the ALJ's determination that Ms. Aschenbrenner's conditions are not as limiting as she alleges.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Ms. Aschenbrenner's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

## C. The ALJ Properly Weighed the Medical Opinion Evidence.

### a. Legal Standard.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those

who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Additionally, "other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a

claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987).

Non-medical testimony can never establish a diagnosis or disability absent

corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467

(9th Cir.1996). An ALJ is obligated to give reasons germane to "other source"

testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

### b. Mr. William Bomberger, PAC.

Mr. Bomberger is a certified physician's assistant that has been treating Ms.

Aschenbrenner. AR 29, 567-626, 647-49. In July 2013, Mr. Bomberger noted that

Ms. Aschenbrenner's diabetic condition was disabling for six months and she was

unable to do sedentary work, and he completed an evaluation form for the

Washington State Department of Social and Health Services opining that Ms.

Aschenbrenner's ability to work was "severely limited" and "unable to meet the

demands of sedentary work." AR 576, 648-49. Mr. Bomberger's opinion is

contradicted by testifying medical expert Dr. Panek, and by medical consultant Dr.

Hander. AR 29, 53-54, 115-116.

The ALJ did not completely discount Mr. Bomberger's opinion, but

assigned the opinion little weight. AR 29. The ALJ provided valid reasons,

supported by the record, to discount this opinion. *Id*. First, the ALJ discounted this

opinion because it is inconsistent with Mr. Bomberger's own treatment notes. *Id*. A

discrepancy between a doctor's recorded observations and opinions is a clear and

convincing reason for not relying on the doctor's opinion. *Bayliss v. Barnhart*, 427

F.3d 1211, 1216 (9th Cir. 2005). Additionally, "an ALJ need not accept the

opinion of a doctor if that opinion is inadequately supported by clinical findings."

*Id*. at 1216. Indeed, Mr. Bomberger's treatment notes do not include any indication

of severe disability; rather, they consistently note unremarkable presentation, no

difficulties associated with the alleged impairments, or only mild impairments. AR

29, 536, 540-41, 543, 550, 569, 589, 605, 609, 668, 675. Additionally, the ALJ

afforded the opinion little weight because, absent clinical findings or treatment

notes of severe limitations, the opinion is heavily based on Ms. Aschenbrenner's

subjective reports that the ALJ appropriately found not credible. AR 29. An ALJ

may discount even a treating provider's opinion if it is based largely on the

claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant

not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

When the ALJ presents a reasonable interpretation that is supported by the

evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853,

857. The Court "must uphold the ALJ's findings if they are supported by inferences

reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also*

*Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one

rational interpretation, one of which supports the ALJ's decision, the conclusion

must be upheld"). In discounting Mr. Bomberger's opinion, the ALJ supported the

determination with specific and legitimate reasons supported by substantial evidence in the record. Thus, the Court finds the ALJ did not err in his consideration of Mr. Bomberger's opinion.

### VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 26,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 3rd day of April, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge